CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE, V. JACOB KLEIN, TREASURER OF GAGE COUNTY, APPELLANT.

FILED MAY 4, 1898. · No. 9160.

Counties: TAXATION: LIMITATION. Approval of and adherence to the views expressed in a former opinion.in this cause announced, the decree of the trial court reversed, and the action dismissed. (For prior decision see *Chicago, B. & Q. R. Co. v. Klein*, 52 Neb. 258.)

REHEARING of case reported in 52 Neb. 258. *Former decision sustained.*

*Samuel Rinaker*, *R. W. Sabin*, and *R. S. Bibb*, for appellant. ·

*Charles F. Manderson*, *E. R. Duffie*, *J. W. Deweese*, *James E. Kelby*, and *A. Hazlett*, contra.

HARRISON, C. J.

After the county of Gage had adopted and perfected township organization, in the regular course of affairs of the county and township governments, there were assessed by the county authorities on the property of the railway company certain taxes for county purposes, not in excess in the aggregate of fifteen mills on the dollar, or the maximum which they could assess. There had been for and in each of the townships in which there was situated property of the company an assessment, in the manner prescribed by law, of taxes on such property, not to exceed seven mills on the dollar of valuation, the limit provided by law. Aggregated, however, the township assessment and the county assessment exceeded fifteen mills on the dollar. The company denied the right of collection of the amount in excess of fifteen mills and instituted and prosecuted to a successful termination this action in the district court of said county

to restrain the county treasurer from the collection of such excess. The cause was by the treasurer appealed to this court, and, as the result of a hearing, the decree of the district court was reversed and the cause dismissed. (See opinion reported in 52 Neb. 258.) A motion for a rehearing on the part of the company was sustained and there have been a reargument and a second submission. We have again carefully examined and considered the points in controversy and are satisfied that the determinations of them announced in the former decision have in their support the sounder reasons than have or can be urged in favor of the contrary ones which we have been asked to adopt, and that the conclusions of the opinion to which we have referred were correct and right. The subjects involved and presented were so thoroughly reviewed in the prior decision that we deem it wholly unnecessary to again discuss them here. We approve and adhere to the views there expressed. It follows that the decree of the lower court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

NORVAL, J., dissenting.

I dissent from the foregoing opinion. I adopt the views expressed by Brace, J., in delivering the judgment of the court in *State v. Missouri P. R. Co.*, 123 Mo. 72.